# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

26-cv-624-jdp

**SHONDELL KILLEBREW,**
PLAINTIFF,

V.

Jason McHugh, et al.
DEFENDANT(S).



## 42 U.S.C § 1983
## CIVIL COMPLAINT

A. Parties

1. Shondell Killebrew, is a citizen of the UNITED STATES of AMERICA and currently resides at 4131A N.41st St in Milwaukee, Wisconsin 53216, and was incarcerated at the Wisconsin Resource Center (hereinafter W.R.C) at the time given rise to this civil complaint.

2. Jason McHugh, a defendant herein this civil complaint is/was the head of security (i.e. Security Director) at W.R.C located at 1300 S. Drive Winnebago, Wi 54984 and acted under the color of state law at the relevant time he deliberately deprived the plaintiff of his U.S. constitutional rights, and Americans Disability Act rights (hereinafter A.D.A) that is given rise to this complaint.

B. Legal Claim

Plaintiff has filed this federal civil rights complaint before the Wisconsin six year statute of limitation deadline from the date his rights were violated (approximately August 2nd, 2023) pursuant to 42 U.S.C seeking relief from the Wisconsin Department of Corrections on behalf of the defendants herein who were/is employees of the entity of the Wisconsin government and therefore acted under the color color of state law and the

laws of the United States by deliberately being indifference to his obvious disability when the defendant(s) herein colluded and of one's own volition made a conscious decision to deprive the plaintiff of his rights secured to him by the A.D.A 42 U.S.C § § 12101 et seq, and the U.S. constitution Eighth Amendment right subjecting him to cruel and unusual punishment that the Universal Declaration of Human Rights (hereinafter UDHR) relies on.

Plaintiff also pursues a malicious intent claim statue (Wis. Stat. Sec. 893.82) regarding local government employees (Wis. Stat. § 893.80 (1d(A)), at the time the defendant(s) et al. deliberately deprived the plaintiff of his rights whereas the defendant did provide the Wisconsin Attorney General with a Notice of Claim within the 120 day requirement stating the circumstances of the forthcoming civil complaint (Refer to Exhibit A, Notice of Claim submitted on 10/9/23 giving rise to this complaint), also plaintiff did exhaust the administrative duties precedent to the filing of this 1983 civil complaint Dixon v. Page 291 F. 3d 485, 488 (7th Cir. 2002) (Refer to Exhibit B, Plaintiff institutional complaint filed on 8/4/23 and dismissed by the Office of Secretary in Madison, WI on 10/16/23). Now due to the fact that this 1983 civil complaint was brought pro seby the plaintiff who is seeking relief against the Dep't of Corr. On behalf of the defendant(s) et al. herein who was/is employees of an entity of the government requires that the honorable court unbiasly screen this complaint.

C. Statement of Claim

Before elaborating on the incident giving rise to his claim that did transpire at the Wisconsin Resource Center (hereinafter W.R.C), I first want to inform you that when I am initially incarcerated by any jails and/or institutions I am always allowed to retain my shoes that I come in with (after they thoroughly are screened in) due to my disability that compels me to walk with an obvious gait and the limited range of motion (hereinafter R.O.M) in my ankles (i.e. foot drop). Now on 6/28/23 when I had arrived at W.R.C the medical staff begin questioning me about my medical condition and limited abilities while looking through my Department of Corrections medical files (i.e. result of a gun shot wound g.s.w in 1994 to the lower back that resulted in my acquiring a unstable gait) (Refer to Exhibit C, W.R.C'S Psychiatrist Progress Note that Diagnoses show numerous medical complications upon entry into W.R.C) whereas I was allowed keep my shoes per Security Director/defendant Jason McHugh (Refer to Exhibit D, W.R.C's Medical Restriction/Special Needs form that states "per Jason McHugh, Patient allowed to wear black Nike Jordan shoes until Nate provides another medically approved pair").

However, on August 2nd, 2023 after I had refused to go off grounds to an appointment to be fitted for a pair of Ankle Foot Orthopedics braces (hereinafter A.F.O's) defendant McHugh deliberately being indifference to my known disability of my partial paralysis of both lower limbs had ordered his subordinates security officers to confiscates my

adequate shoes (that was safe for me to walk in) without providing me with another pair of adequate shoes (a barbaric method) that had subject me to an unsafe environment as well as cruel and unusual punishment that prohibits forms of punishments that are deliberately torturous or excessively brutal.

Now because I was issued a pair of non adequate and unsafe shoes to utilize (state filp flops) and still subjected to use the institution stairs, on August 3rd, 2023 while on my way to my classes I had fallen down a whole flight of concrete stairs after I had lost my balance attempting to step down the first stair.

After the incident had transpired, a few days later I had submitted a public records request on August 20th, 2023 trying to acquire the incident report in attempting to obtain the name of the W.R.C staff that authorized the confiscation of my adequate shoes (Refer to Exhibit E, a copy of the request for the incident report and a copy of the incident report) whereas after I had obtained a copy of the incident report it came to my knowledge that the defendant(s) had fabricated a staement in the report that states that I had told someone that I was planning (to risk hurting myself due to my lower back was fused) to fall down an entire flight of concrete stairs, honestly I believe the defendant(s) et al. had made up this ridiculous story to have a reason to attempt to get my institutional complaint dismissed and therefore will hinder me from filing a 1983 civil complaint. Now after the incident of me falling down a flight of stairs happened I was given an elevator pass (the day after falling down the stairs August 4th, 2023) as well as other assistive devices to help me perambulating through the institution (Refer to Exhibit F, the progress note stating that dated on 12/15/23).

Which is in violation of my United States constitutional rights of being inflicted to cruel and unusual punishments rights, Universal Declaration of Human Rights Art.1, Art.3, Art.5, Art.25, and Art.28,as well as my A.D.A 42 U.S.C § § 12101 et. Seq., and the Civil Rights of Institutionalized Persons Act 42 U.S.C § § 1997 et. Seq.

Now I unequivocally condemn and denounce anyone (whether in part or in whole) who choose to violate an incarcerated person(s) United States constitutional rights and therefore invoke this honorable court to addressthese violations stated herein this 1983 civil complaint. And although the court is required to screen complaints brought by pro se litigants seeking relief against a government entity or an officer or employees of a government entity, 28 U.S.C § 1915 A (a), the court must assess whether operating under state law as it existed at the relevant time of the event where a reasonable officer would have known that that the particular action(s) at issue was unlawful (quoting Juriss v. McGowan, 957 f.2d 345,350 (7th Cir.1992)) and that the conduct is so egregious that no reasonable person could have believed that it would have not violate clearly established rights. Chelious v. Heavener 520 f. 3d 678, 691 (7th Cir. 2008).

D. Jurisdiction

Yes I am suing for violations of under 28 U.S.C § 1331, A.D.A 42 U.S.C § § 12101 et. Seq., Wis. Stat. Sec. 893.82, and 42 U.S.C § § 1997 et. Seq.

E. Relief Wanted

To state a claim a complaint must contain sufficient factual matter accepted as true "that is plausible on it's face." (quoting Twombly, 550 U.S. at 570), and the complaint's allegations "must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 555, so since plaintiff has clearly established constitutional violations by the defendant(s) in a particularized sense, justifies the removal of qualified immunity shield. Therefore I ask the honorable court to remedy the violations of plaintiff's constitutional rights and the rights secured to him by the U.S. laws granting his request for relief as stated hereinafter:

1. Compensatory Damages, $100,000.00 for the defendant(s) barbarically disregarding my obvious disability.

2. Emotional Damages, $100,000.00 for the defendant(s) abuse of power for making his subordinates confiscate my adequate shoes before I was issued another pair of safe shoes to use.

3. Tort Damages, $300,000.00 for the defendant(s) deliberately violating my U.S. constitutional rights and subjecting me to cruel and unusual punishment.

4. Non-economic Damages, $200,000.00 for the defendant(s) deliberately causing me pain and suffering.

5. Constitutional Tort, $200,000.00 for the defendant(s) who are government employees infringing on my protected rights while acting under the color of law.

6. Government Tort, $300,00.00 for the defendant(s) who displayed barbaric methods that subjected me to punishments that was deliberately torturous.

7. Intentional Tort, $500,000.00 because the violations committed by the defendant(s) was with general and specific intent.

8. Punitive Damages, $300,000.00 to punish the defendant(s) for displaying intentional misconduct and gross negligence.


F. Jury Demand

Yes, I want a jury to hear my case.

I declare under penalty of perjury that the foregoing is true and correct.

Complaint signed this      day of                        ,2026.


                                    Respectfully Submitted,